IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| BILLY DODSON, | ) | CV 11-155-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN MARTIN FRINK, | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Billy Dodson is a state prisoner proceeding pro se and *in forma pauperis*. He filed this action for a writ of habeas corpus on November 28, 2011. He raises several claims:

1. The State of Montana violated the Interstate Agreement on Detainers Act, Montana Code Annotated §§ 46–31–101 to 46–31–204.

2. Dodson was subjected to double jeopardy because Granite County dismissed its charges against him "with prejudice" and those charges were related to the Missoula County charges.

3. Evidence from the Washington probation search should have been suppressed.

4. The trial court should not have permitted testimony by video teleconferencing at the suppression hearing.

1

5. Dodson's motion for mistrial should have been granted because the State breached the trial court's order in limine.

6. The trial court should have considered Dodson's evidentiary objection to admission of two items of mail that his landlord gave to police.

7. Taken together, the multiple errors prejudiced Dodson and should have resulted in a new trial.

The Court must preliminarily screen Dodson's petition before ordering a response. 28 U.S.C. § 2254, Rule 4. The Court will dismiss the petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* If the Court does not summarily dismiss the petition, then it will order the respondent to file an answer, motion, or other response or "to take other action the judge may order." *Id.*

Magistrate Judge Lynch recommends dismissing all of Dodson's claims and denying his petition on the merits. Judge Lynch also recommends denying a certificate of appealability.

Dodson is entitled to a de novo review of the specified findings or recommendations to which he timely objected. 28 U.S.C. § 636(b)(1). But the portions of Judge Lynch's Findings and Recommendation not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). General, conclusory

objections do not warrant de novo review. *See Eastman v. Swanson*, 2012 WL 2862439 at *1 (D. Mont. July 11, 2012).

Here, Dodson timely filed his objections to Judge Lynch's Findings and Recommendation. His objections are targeted at only two of his claims: the Interstate Agreement on Detainers Act claim and the double jeopardy claim.

The Court adopts Judge Lynch's Findings and Recommendation in full. A de novo review of the Detainers Act claim and the double jeopardy claim shows that they are without merit. And there is no clear error in the remainder of Judge Lynch's Findings and Recommendation.

## I. Interstate Agreement on Detainers Act

The Interstate Agreement on Detainers Act is a congressionally sanctioned interstate compact codified at 18 U.S.C. App. 2 §§ 1–9. Montana has adopted this Act at Montana Code Annotated §§ 46–31–101 to 46–31–204. The purpose of the Act is to facilitate the disposition of charges filed in another state against a prisoner. *See* Mont. Code Ann. § 46–31–101 art. III(1); *United States v. Hall*, 974 F.2d 1201, 1204–05 (9th Cir. 1992). The Act requires prison authorities to notify prisoners of detainers placed against them and their right to a speedy trial. *Hall*, 974 F.2d at 1204. Once the prisoner makes a speedy trial request, the state issuing the detainer must begin the trial within 180 days. Mont. Code Ann. § 46–31–101

3

art. III(1). The prisoner must make that request in writing "to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction . . . ." The Act provides that the "appropriate court" is the state district court. *Id.* at § 46–31–102.

Dodson claims that his rights were violated under this Act. Judge Lynch concluded otherwise, though, because Dodson did not notify the "appropriate court"—the state district court— until two days before his trial started. So the trial began well within the 180 day window required under the Act.

In his objections, Dodson argues that Judge Lynch should have interpreted the phrase "appropriate court" to include the state justice court. Dodson claims to have made his speedy trial request to the justice court far earlier than he made his request to the district court.

Each state is able to define for itself what constitutes an "appropriate court." *See* Mont. Code Ann. § 46–31–102 art. VII. For instance, in the federal version of the Act, the United States defines the "appropriate court" as "the courts of the District of Columbia, in which indictments, information, or complaints, for which disposition is sought, are pending." 18 U.S.C. App. 2 § 4. As noted above, Montana defines "appropriate court" as the state district court. Mont. Code Ann. § 46–31–102; *see State v. Dodson*, 221 P.3d 687, 695–97 (Mont. 2009).

4

The state district courts and the justice courts are separate entities. A justice court is not a division or arm of the district court. Under Montana law, justice courts are established by counties at the county level, each county having at least one justice court. Mont. Code Ann. § 3–10–101; Mont. Const. art. 7, § 5. District courts, on the other hand, are defined and assigned by the legislature and frequently hear cases in multiple counties. Mont. Code Ann. § 3–5–101; Mont. Const. art. 7, § 4. And, perhaps most important, the jurisdiction of justice courts is far more limited than the jurisdiction of district courts. *See* Mont. Code Ann. § 3–10–301 to 3–10–306; Mont Const. art. 7, §§ 4, 5. In short, justice courts and district courts are simply different courts.

Judge Lynch correctly concluded that Dodson's claim under the Interstate Agreement on Detainers Act fails. Since Dodson's trial occurred only two days after he gave notice to the District Court, the State did not violate the 180-day provision in the Act. The Montana Supreme Court reached the same conclusion in Dodson's direct appeal. *See Dodson*, 221 P.3d at 695–97. That decision was not "contrary to" nor did it "involve[ ] an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

## II. Double jeopardy

Dodson also objects to Judge Lynch's conclusion that the dismissal of the charges against him in Granite County precluded his prosecution in Missoula County. Dodson's objection fails. The Granite County charge were dismissed prior to trial. Jeopardy does not attach until a jury is sworn in a jury trial or until the court begins to hear evidence in a bench trial. *Serfass v. United States*, 420 U.S. 377, 388 (1975). Since the Granite County charges were dismissed prior to trial, Jeopardy had not yet attached and those charges did not preclude Missoula County from pursuing its prosecution of Dodson.

There is no clear error in the remainder of Judge Lynch's Findings and Recommendation. Dodson is not entitled to a certificate of appealability.

IT IS ORDERED that the Court adopts Magistrate Judge Lynch's Findings and Recommendation (doc. 9) in full.

IT IS FURTHER ORDERED that Billy Ray Dodson's petition (doc. 1) is DENIED on the merits.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by separate document a judgment in favor of the respondents and against the petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 9th day of August 2012.

_____  13:06 pm
Donald W. Molloy, District Judge
United States District Court